Filed 12/13/24  Montoya v. Ronald Cunning DDS, Inc. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MONTOYA et al., | D083774 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. CIVDS1932297) |
| RONALD CUNNING DDS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Winston S. Keh, Judge.  Affirmed.

Kyle Todd for Plaintiffs and Appellants.

Freeburg & Granieri and Christy Granieri for Defendants and Respondents.

## MEMORANDUM OPINION

Appellants Crystal Montoya and Pearl Trejo are former employees of respondent Ronald Cunning DDS, Inc. (Cunning Dental). During the time they worked at Cunning Dental, Respondent Genaro Guerra worked there as well. Montoya and Trejo alleged that Guerra had always been inappropriately "touchy" with them. When Guerra was promoted to a director-level position in November 2018, the sexual harassment escalated. In early December 2018, Montoya and Trejo reported the harassment to human resources and then to the owner of the dental practice, Dr. Ronald Cunning. Montoya was told in early January 2019 that the matter was investigated and that "Guerra would be reprimanded." Guerra then terminated both women later that same month. The reason given was layoffs due to office restructuring.

According to respondents' brief, Montoya and Trejo filed a Second Amended Complaint for Damages (the operative complaint) alleging a dozen causes of action, including claims under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) based on sexual harassment and retaliation; a violation of California's whistleblower retaliation statute (Lab. Code, § 1102.5); and various wage-and-hour claims.

Cunning Dental and Guerra filed an Answer denying all allegations in the operative complaint and raising several affirmative defenses. As relevant here, in their eleventh affirmative defense, they asserted a "mixed motive" defense: "[E]ven if the jury finds that unlawful retaliation was a substantial factor motivating either Plaintiffs' termination of employment, the same decision would have been made for legitimate business reasons." Similarly, their thirteenth affirmative defense was a "same decision" defense: "[E]ven if Plaintiffs' complaints about alleged illegal conduct were a contributing

2

factor to their termination decision, Defendants would have made the same decision for legitimate business reasons."

Cunning Dental then filed a motion for summary adjudication of the eleventh and thirteenth affirmative defenses. In support of its motion, Cunning Dental put forth evidence that it had hired a business consultant, Steve Ashlock, to advise them on how to improve productivity, profitability, and patient experience. Ashlock evaluated Cunning Dental between July and October 2018 and noticed its offices "were very, very overstaffed." He ultimately recommended layoffs, among other changes. Ashlock recommended eliminating Montoya and Trejo's positions specifically. In October 2018—before Montoya and Trejo reported Guerra's harassment— Dr. Cunning decided to implement the layoffs in the new year. Dr. Cunning tasked Guerra with terminating several employees, including Montoya and Trejo.

The trial court granted the motion for summary adjudication in November 2022. The case then proceeded to trial and a jury returned special verdicts in September 2023. It found that Guerra sexually harassed Montoya and Trejo, but that their report of sexual harassment was not a "substantial motivating reason" for their termination. The jury awarded no damages. Montoya and Trejo appeal from the judgment.

## DISCUSSION

Montoya and Trejo contend the trial court erred in granting summary adjudication of the affirmative defenses. In response, Cunning Dental and Guerra maintain that Montoya and Trejo failed to provide an adequate record. They list 23 items that would be minimally necessary to understand and review the summary adjudication issue. Even though this procedural

3

error was brought to Montoya's and Trejo's attention, they did not file a reply brief or attempt to augment the record.

While we generally make every effort to address appeals on their merits, rather than disposing of them on technical procedural grounds, we agree the record in this case is simply too sparse for meaningful review. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at p. 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid*.)

Montoya and Trejo elected to prepare an appendix in lieu of a clerk's transcript. (See Cal. Rules of Court,[1] rules 8.120(a)(1) & 8.124.) Their appendix only includes (1) Cunning Dental's evidence in support of its summary adjudication motion—including declarations, excerpts of deposition transcripts, some exhibits, and the Answer to the operative complaint—and (2) Montoya and Trejo's "index of declarations and exhibits" in support of their opposition to the motion—similarly including declarations, deposition excerpts, and some exhibits. From these documents, we can glean the general factual background in this case.

---

[1]  Further rules references are to the California Rules of Court.

We cannot determine, however, whether summary adjudication was properly granted. "Because summary judgment motions involve purely questions of law, we review the grant of summary judgment de novo. In performing our independent review, we conduct the same procedure used by the trial court. We examine: "(1) the pleadings to determine the elements of the claim for which the party seeks relief; (2) the summary judgment motion to determine if movant established facts justifying judgment in its favor; and (3) the opposition to the motion—assuming movant met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 354.) We may "consider[ ] all of the evidence presented by the parties, except that which was properly excluded by the trial court." (*Basurto v. Imperial Irrigation Dist.* (2012) 211 Cal.App.4th 866, 877.)

Here, we cannot faithfully execute our review under these standards without, at least, the operative complaint; Cunning Dental's summary adjudication motion; plaintiffs' opposition; their evidentiary objections; their request for judicial notice; the parties' separate statements of undisputed facts; Cunning Dental's reply; and the trial court's rulings on the evidentiary objections, the request for judicial notice, and the motion. (See rule 8.124(b)(1)(B) [appendix must contain any item "that is necessary for proper consideration of the issues, including, for an appellant's appendix, any item that the appellant should reasonably assume the respondent will rely on"].)

While the record includes a short transcript of the hearing on the summary adjudication motion, it raises more questions than it answers. The parties' arguments largely focused on whether an earlier motion for summary adjudication precluded Cunning Dental from making the motion

5

at issue.  Montoya and Trejo appear to make this point again in their opening brief.  But the record does not include anything related to the previous motion.  Ultimately, the trial court states that it will adopt its tentative ruling posted before the hearing.  But the appendix omits the tentative ruling, and the court did not elaborate further.

To be sure, we have the power to augment the record or take judicial notice of documents filed in the trial court on our own motion.  But given the extent of the omissions in this case, we would blur the line between decision-maker and advocate if we took such action here.  Moreover, we would essentially require another round of briefing because, currently, it is difficult to appreciate the argument in the opening brief without reference to what was litigated and decided below, and the respondents' brief understandably provides a cursory analysis of the summary adjudication issue.  Completing the record ourselves and then allowing additional briefing would be improper and unfair to those who follow the prescribed rules of appellate procedure.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.


DATO, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

6